### STATE OF OHIO EX REL. COSGROVE V. MOSER, TREAS.

PRESUMPTION THAT SUPERINTENDENT, WITH OTHER TEACHERS IN SCHOOL, IS NOT TEACHING BRANCHES NOT AUTHORIZED BY HIS CERTIFICATE.

The board of education of G., a village, at a regular meeting, by motion, tendered to C., the election as superintendent of a school in which branches other than those enumerated in the certificate issued to C. by the board of school examiners were taught, giving C. notice of such action. C. accepted the employment tendered and entered upon his duties.

*Held:* That this constituted a valid and subsisting contract between C. and the board; that in the absence of proof, other teachers being employed in the school no presumption arises that C. actually taught branches not enumerated in his certificate.

HALE, J.

This is an application for a peremptory mandamus to compel the payment of an order that was issued to the relator in April, 1892. Prior thereto the relator had for some time been in the employment of the board of education. On May 5th, there was issued to him an order in payment of his services during the month of April, in the ordinary form signed by the president and clerk of the board, and thereupon promptly delivered to him. The treasurer refused to pay the order and still refuses to pay it. Application is made to this court for a peremptory mandamus to compel him to pay it. The petition is in the ordinary form.

The answer of the treasurer contains several defenses; but the substance of them all is that the relator had failed to obtain a proper certificate and file it with

the clerk of the court at the time the order was drawn, and therefore he had no right to teach school, no right to be in the employment of the board as he was, and that the clerk had no right to draw the order.

On May 21, 1891, the board took action, of which the following is the record:

"At a regular meeting of the board, motion by the clerk that the board tender to Mr. Cosgrove the election as superintendent for the term of two years with an increase of salary of fifty dollars, per year. Motion carried by the following vote."

On June 21st, following, the clerk of the board sent to Mr. Cosgrove the following notice:

H. L. COSGROVE:

SIR:—At the last meeting of the board of education of the village of Glenville held at their rooms in said village, May 21, 1891, you were duly elected superintendent of said school for the term of two years with an increase of fifty dollars a year to your present salary, and this shall be your certificate of election.

Respectfully,

R. FOSTER,
Clerk of said Board.

Mr. Cosgrove accepted the employment thus tendered him, and on the following September entered upon his duties under that employment.

The sections of the statute relied upon by the defense are secs. 4074 and 4501 of the Rev. Stat. The one provides that no person shall be employed as a teacher of a common school that has not obtained from the board of examiners, having competent jurisdiction, a certificate of good moral character and of his qualifications to teach the branches enumerated in the statutes.

Section 4051 provides, in substance, that it shall be unlawful for the clerk to draw an order in favor of a teacher who has failed to file a certificate or copy of the same, showing that he has obtained such certificate from the board of examiners.

At the time this order was drawn the relator had a certificate, issued to him by the board of examiners of this county, but it was only such certificate as was known as a common school certificate, covering the branches enumerated in the section I have read, and there is no question about the validity of the certificate; no question that it was not properly filed with the clerk; but the claim is that he was required to teach certain branches not enumerated in that certificate, and therefore the employment was illegal and no compensation can be recovered.

We are not supposed to evade or annul this statute, even in as hard and unconscionable a case as this would seem to be, if it must be decided against this relator, but no such result is necessary. We hold that it was entirely competent for this board of education to employ the relator as superintendent and teacher in the school, even though he held only the certificate to which I have referred. The passage of the resolution of the board that I have read the notice to the relator and his acceptance of that appointment, and entering upon its duties constituted, in the judgment of the court, a valid binding and subsisting contract between him and the board. It will not be pretended, if the relator had been required by the board to teach only those branches enumerated in the certificate and superintend the schools, that he would be without the pale of the law, and must go without his pay. What we hold is that the proof fails to show any specific requirement of the board that he should teach any other than the branches enumerated in that certificate. Certainly it fails to show that he did, during the month for which this order was drawn, teach any other than those branches.

It is true that the board of education, prior to his employment, had adopted a course of study which included other and higher branches than those included in this certificate. But there were several teachers employed by this board of education, and precisely what branches this relator was required to teach is left

without disclosure in the evidence, and we are not disposed, in the absence of some specific order requiring this relator to teach branches other than those enumerated in that certificate, which is conceded to be valid, to invalidate this contract and turn this relator out of court. I do not believe that the law requires any such hardship. We are of the opinion that this order should be paid and a peremptory mandamus is issued requiring its payment.

*Marvin & Cook,* for plaintiff.

*T. K. Dissette,* for defendant.

---

# REVIVOR OF JUDGMENT.